**Randolph JENKINS, Plaintiff,**

v.

**Jacqueline McMICKENS, et al., Defendants.**

**No. 80 Civ. 2994 (MEL).**

United States District Court, S.D. New York.

Oct. 15, 1985.

Alden T. Lewis, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Evelyn Jonas, Asst. Corp. Counsel, of counsel.

LASKER, District Judge.

The defendants move to dismiss paragraph four of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim upon which relief may be granted.

Paragraph four of Jenkins' amended complaint alleges that on March 7, 1980, his cell was searched and certain documents pertaining to his then-pending trial were confiscated and not returned, and that he was deprived of his property without due process of law.

Relying on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), defendants contend that the paragraph fails to state a claim upon which relief may be granted because plaintiff does not allege the lack of a post-deprivation remedy. They further maintain that in this case, plaintiff cannot in good faith allege an inadequate state remedy since New York law provides a remedy that is sufficient to satisfy due process.

Plaintiff responds that the question of the adequacy of the post-deprivation hearing arises only if a pre-deprivation hearing is not required. He asserts that such a hearing was required in this case, but was not held, and that defendants offered no justification for the lack of pre-deprivation hearing. Jenkins further argues that the loss of his papers was more than a mere deprivation of property since it also violated his First Amendment right of access to the courts. Finally, Jenkins argues that even if he has failed to allege facts which are sufficient to state a federal due process claim, he has asserted a legally sufficient state tort claim over which the court has pendent jurisdiction.

Defendants reply that the court should not exercise pendent jurisdiction because the claim at issue is only superficially related to the remaining claims of alleged use of excessive force and of improper conditions of confinement. They contend that in any event the exercise of pendent jurisdiction would be futile because plaintiff's failure to comply with the notice of claim requirement specified in Section 50–k of the General Municipal Law for bringing civil actions against employees of the City of New York precludes plaintiff from pursuing the

state claim. N.Y.GEN.MUN.LAW § 50–k (McKinney 1979).

\* \* \* \* \* \*

Under *Parratt v. Taylor, supra,* when state employees, through negligence or unauthorized failure to follow proper procedures, deprive a person of property, the fundamental requirement of due process is met if the state affords the opportunity to be heard in a meaningful manner and at a meaningful time. Moreover, a meaningful remedy need not occur prior to the deprivation to be sufficient.

In *Parratt,* a prisoner was deprived of his property through the unauthorized failure of prison employees to follow the procedure for the handling of receipt of mail packages. The Court found the allegation of property deprivation insufficient to establish a Fourteenth Amendment due process violation because the deprivation occurred not as the result of an established state procedure, but rather as the result of the unauthorized failure to follow the proper procedure. Of greater relevance to the instant case, *Parratt* also held that notwithstanding that the state tort claims procedure may not have provided all the relief possibly available under 42 U.S.C. § 1983, the state procedure, which provided a remedy to a person who suffered a tortious loss at the hands of the state and could fully compensate the prisoner for the property loss, was sufficient to satisfy due process. Moreover, the fact that the plaintiff did not avail himself of the procedure did not affect the adequacy of the state remedy. *Accord Giglio v. Dunn,* 732 F.2d 1133 (2d Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 328, 83 L.Ed.2d 265 (1984).

■ In this case, as in *Parratt,* the civil remedy of a tort action against the prison officials and the City of New York was available to compensate Jenkins for the alleged loss which resulted from the unauthorized failure of the prison officials to properly safeguard and transfer Jenkins' property. Accordingly, under the case law, plaintiff has failed to state a due process violation for deprivation of property.

Jenkins argues that the loss of papers amounted to not merely a deprivation of property but a violation of his First Amendment right of access to the courts. In support of this contention, Jenkins simply cites *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974), which address the First Amendment rights of prisoners, although in contexts dissimilar to the one at hand. *Pell v. Procunier* involved a constitutional challenge to the California Department of Correction regulation, § 414.071, which provided that "the press and other media interviews with specific individual inmates will not be permitted." *Pell* acknowledged that a prison inmate retains those First Amendment rights that are not inconsistent with his status as prisoner or with the legitimate penological objectives of the corrections system, but held that, since the regulation restricted only the manner of communication between inmates and the public, and alternative channels remained, the regulation did not abridge the prisoner's First Amendment rights. In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the affirmative obligation of the states to assure all prisoners meaningful access to the courts was at issue. *Bounds* held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Based upon the rationale of *Pell* and *Bounds,* the Court of Appeals for the Second Circuit has suggested that removing documents relating to pending litigation from a prisoner's cell may form the basis of a claim of interference with access to the courts. *Bayron v. Trudeau,* 702 F.2d 43 (2d Cir.1983).

■ Here, Jenkins has specified for the first time in his memorandum submitted in opposition to defendant's motion to dismiss that he is claiming a First Amendment violation. Paragraph four of the amended complaint states merely that "certain doc-

uments pertaining to plaintiff's then-pending trial were confiscated and not returned." Although the arguments contained in Jenkins' brief suggest he is claiming a violation of his right to access to the courts, or to privacy in his legal papers, the sparse allegations in the amended complaint do not indicate the nature of plaintiff's claim or provide an adequate factual basis to support it. Accordingly, plaintiff will be permitted to amend his pleading if he can, in good faith, allege facts sufficient to support a violation of his right to access to the courts.

Finally, that Jenkins could have brought an action against the City of New York and its employees does not suffice to invoke this court's jurisdiction. General Municipal Law Sections 50–k(6) and 50–e(1)(a) provide that every action against the City or an employee requires a notice of claim to be made within ninety days after the claim arises. Arguably, the existence of the remaining constitutional claims under 42 U.S.C. § 1983 could provide this court with pendent jurisdiction over a valid state claim. However, plaintiff apparently concedes noncompliance with the notice requirement. Notice has not been filed with the Comptroller even though the alleged claim arose on March 7, 1980. Pendent jurisdiction is inapplicable in this situation since a notice of claim cannot comply with the General Municipal Law requirement due to the lapse of time.

Defendant's motion to dismiss Jenkins' claimed violation of a deprivation of property without due process is granted. Moreover, to the extent that plaintiff has attempted to claim a violation of his right of access to the courts the defendant's motion to dismiss paragraph four will be granted unless within 30 days plaintiff amends his complaint in accordance with the ruling above. The defendants should submit an appropriate order of dismissal on November 15, 1985 if the plaintiff has not filed an amended complaint by that date.

It is so ordered.